UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
JUL 0 6 2012

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| WILLIAM ROBERT JOSEPH REED, | \* | CIV. 12-4104 |
| Movant, | \* | |
| vs. | \* | MEMORANDUM OPINION AND ORDER RE: ATTORNEY-CLIENT PRIVILEGE WAIVER |
| UNITED STATES OF AMERICA, | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Government has requested an Order Directing Former Defense Counsel to Respond to Defendant's Claims of Ineffective Assistance set forth in the Movant's Motion under 28 U.S.C. § 2255. The Eighth Circuit Court of Appeals has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. *See Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974). ABA Model Rule of Professional Conduct 1.6 also recognizes that a disclosure may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client.

The American Bar Association, however, has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the former client; and (2) may only disclose such information in "court-supervised testimony." ABA Comm. on Eth. and Prof'l Responsibility, Formal Op. 10-456 (July 14, 2010).

In consideration of the allegations set forth in Movant's Motion under 28 U.S.C. § 2255 this Court has determined that the Government cannot respond to the allegations of ineffective assistance

of counsel without attorneys Timothy J. Langley, Mitchell H. Nelson, Henry K. Evans, and Megan J. Newcombe responding by affidavit to the specific allegations in the Motion concerning their representation of Movant. If Movant opposes the waiver of the Attorney-Client privilege as it relates to the specific allegations in his Motion under 28 U.S.C. § 2255, those allegations will be stricken from Movant's Motion under 28 U.S.C. § 2255. Accordingly,

IT IS ORDERED:

1. That the Clerk shall send this Order and the attached Attorney-Client Privilege Waiver form to Movant;

2. That if the Attorney-Client Privilege Waiver form is not signed and returned to the Clerk for filing within 30 days, the allegations of ineffective assistance of counsel will be stricken from Movant's Motion under 28 U.S.C. § 2255;

3. That if the Attorney-Client Privilege Waiver form is signed and filed, the Government shall forward a copy of the signed Attorney-Client Privilege Waiver form to attorneys Timothy J. Langley, Mitchell H. Nelson, Henry K. Evans, and Megan J. Newcombe, along with a copy of this Order and Movant's § 2255 Motion. Attorneys Timothy J. Langley, Mitchell H. Nelson, Henry K. Evans, and Megan J. Newcombe shall within 10 days of receiving the Attorney-Client Privilege Waiver form provide and file with the Clerk an affidavit responding to the specific allegations in the § 2255 Motion concerning their representation of Movant.

4. That the government's response to the Petitioner's § 2255 motion shall be due 14 days after the last affidavit is received.

Dated this 6th day of July, 2012.

BY THE COURT:

John Simko
John E. Simko
United States Magistrate Judge

## ATTORNEY-CLIENT PRIVILEGE WAIVER

You have made a motion under 28 U.S.C. § 2255 alleging that you received ineffective assistance from your former lawyers, Timothy J. Langley, Mitchell H. Nelson, Henry K. Evans, and Megan J. Newcombe. The Court has reviewed your motion and determined that an affidavit from your former lawyers concerning the specific allegations in your motion is necessary to in order to evaluate your motion.

The American Bar Association advises your attorney to obtain your consent before disclosing confidential communications between you and him that may bear on the disposition of your motion. This is a professional ethics requirement. As a matter of law, you have waived the attorney- client privilege regarding the allegations of ineffective assistance of counsel in your motion. This means that if you wish to proceed on your claims of ineffective assistance, you must allow your communications with your former counsel concerning the specific claims to be disclosed to the Government and to the Court.

If you wish to proceed with your claims of ineffective assistance of counsel as set forth in your Section 2255 motion, you must sign this form and return it to the Court. The form authorizes your attorney to disclose confidential communications only to the extent necessary to address the ineffective assistance of counsel claims that are raised by your 28 U.S.C. § 2255 motion.

You should know that if you sign this authorization, you run the risk that your attorney will contradict your statements about his representation of you. However, you should also know that the Court will strike the ineffective assistance of counsel claims in your motion if you do not authorize your attorney to give an affidavit in response to the ineffective assistance claims.

You must return this form within thirty (30) days from the date of the Court's order directing the clerk to mail this Waiver to you or the allegations of ineffective assistance of counsel will be stricken from your motion under 28 U.S.C. § 2255.

### AUTHORIZATION

I have read the document entitled "Attorney-Client Privilege Waiver." I hereby authorize my former attorneys Timothy J. Langley, Mitchell H. Nelson, Henry K. Evans, and Megan J. Newcombe to disclose confidential communications only to the extent necessary to address the ineffective assistance of counsel claims that are raised by my motion under 28 U.S.C. § 2255.

Dated this \_\_\_\_\_ day of _____, 2012.

_____
Petitioner