

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| WILLIAM ROBERT JOSEPH REED, | * | CIV 12-4104 |
| Petitioner, | * | |
| vs. | * | ORDER |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner William Robert Joseph Reed has brought an action under 28 U.S.C. § 2255 concerning his conviction for the distribution and possession of child pornography. Defendant Reed's direct appeal was denied by the Eighth Circuit Court of Appeals in *United States v. Reed*, 641 F.3d 992 (8th Cir. 2011). Mr. Reed has timely brought this § 2255 action. Petitioner has seven grounds for ineffective assistance of counsel at the trial and the appellate level.

There has been no showing of ineffective representation in the appeal to the Eighth Circuit. No issue was identified that counsel on appeal failed to raise which should have been raised and which could have altered the result of the appeal.

The claim of improper advice by the lawyer with regard to a plea versus going to trial is contradicted by the Affidavits of the defense counsel indicating that Mr. Reed always wanted to go to trial. Also, defense counsel averred that all plea proposals were presented to Mr. Reed and explained to him and they were rejected by Mr. Reed.

The second ground is failing to introduce evidence proving others had access to and used computer. The short answer is that there was testimony at trial that other users had access to Petitioner's computer even though Petitioner never identified to his counsel a witness that would testify that he or she had personally accessed Petitioner's computer. There was no failure to introduce evidence on this point as whatever evidence was available did get into the record.

There is a claim of failure to understand and clarify the Motion in Limine which was sustained

by the District Court. Defense counsel appeared to understand the Court's ruling and in fact tried to skirt around that ruling and after objection by the Government was admonished by the Court not to do so.

The Defendant agreed to not have the forensic expert who was consulted testify for the defense. In this instance as well as any other instance, where the Affidavits of defense counsel contradict the claims of Petitioner, the Court in each instance credits and accepts the statements of defense counsel.

It is true as alleged by Petitioner that defense counsel mentioned Petitioner's sexuality and had the Petitioner testify about his sexuality as a matter of trial tactics. This is a trial tactic the Court concludes that the Petitioner agreed to and in addition was not an improper or unwise trial tactic.

None of the above claims either individually or cumulatively result in defense counsel performance that was constitutionally deficient. The Court finds no deficiency in the performance of defense counsel and as a result, the conduct of defense counsel could not and did not prejudice the defense of Petitioner in the trial and appeal of this case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Close v. United States*, 679 F.3d 714 (8th Cir. 2012). Accordingly,

IT IS ORDERED:

1. That Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, Doc. 1, is DENIED with prejudice.

2. That a Certificate of Appealability shall not issue.

Dated this 25th day of August, 2014.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
   DEPUTY